**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| EMMANUEL EDOKOBI, | * |
|     Plaintiff, | * |
| v. |    *      Case No.: PWG-19-248 |
| TOYOTA MOTOR CREDIT CORP. *et al.*, | * |
|     Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Emmanuel Edokobi has filed a motion demanding that I reconsider my decision denying his request to reply to Defendants' amended answers. Mot. for Recons., ECF No. 38. His motion – which warns that he will file additional civil cases against me, should I decline to grant the relief he seeks – asserts that my April 23, 2019 decision violated his constitutional rights and proved once more that I am biased against him. *See id.* at 2.

**A.**

There are several points I intend to make in this Order, and I will begin with one I already have made twice before. *See* Mar. 20, 2019 Ltr. Order, ECF No. 29; Apr. 23, 2019 Ltr. Order, ECF No. 37. To put it as simply as possible, this Court has a pre-motion procedure that is followed in all cases assigned to me. The central directive, which Mr. Edokobi repeatedly has ignored, is as follows: "Any party wishing to file a motion first will serve on all parties and file with the Court a letter (not to exceed three pages, single spaced) containing a brief description of the planned motion and a concise summary of the factual and legal support for it." ECF No. 6. This procedure serves several functions. In particular, as the letter order establishing the procedure explains, it

gives me the opportunity "to schedule an expedited telephone conference (usually within a week) to discuss the requested motion and to determine whether the issues may be resolved or otherwise addressed without the need for formal briefing." *Id.* Mr. Edokobi, in filing his motion for reconsideration, once again has failed to comply with the procedure – despite a warning that his continued noncompliance "may subject him to sanctions for contempt." Apr. 23, 2019 Ltr. Order. If Mr. Edokobi continues to disregard the orders of this Court regarding procedures that must be followed, any filing of his that violates such orders will be stricken from the docket.

**B.**

I will address next the substance of Mr. Edokobi's motion for reconsideration. Rule 54(b) of the Federal Rules of Civil Procedure governs motions to reconsider an interlocutory order. *See* Fed. R. Civ. P. 54(b) (providing that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The Fourth Circuit has not stated a standard for review of a Rule 54(b) motion, but it has said that, "generally at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nor is the standard for Rule 59(e) binding on review under Rule 54. *See Am. Canoe Ass'n*, 326 F.3d at 514; *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014). Nonetheless, "courts frequently look to these standards for guidance in considering such motions." *Cezair*, 2014 WL 4955535, at *1; *see also Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032, at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule 60(b) standard); *Harper v. Anchor Packing Co.*,

No. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014) (looking to Rule 59(e) standard).

A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error [of law] or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Rule 60(b) provides overlapping, but broader, bases for relief from a court order, including that there has been "mistake, inadvertence, surprise, . . . excusable neglect[,] . . . newly discovered evidence[,] . . . fraud . . . , misrepresentation, or misconduct"; that "the judgment is void" or "has been satisfied"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Mr. Edokobi has not demonstrated that any of these circumstances apply here. His motion asserts, without support, that my ruling on his motion for leave to reply to the Defendants' amended answers violated his constitutional and legal rights. *See* Mot. for Recons. Nowhere, though, does he specifically identify any errors of law in my order. Nor could he, as my ruling was entirely consistent with the Federal Rules of Civil Procedure and therefore violated no "right" of Mr. Edokobi's, whether constitutional or procedural.

My April 23, 2019 letter order explained why a reply was unwarranted under the circumstances of this case. To summarize, "[t]he Federal Rules of Civil Procedure limit the pleadings allowed in a federal case." *Hoff v. Nicolaus*, No. 11-3601, 2012 WL 1965456, at *2 (D. Md. 2012). Under Rule 7(a), a party may file a reply to an answer only "if the court orders one." Fed. R. Civ. P. 7(a); *see United States v. Clayton*, 465 B.R. 72, 81 (M.D.N.C. 2011); *Garner v. Morales*, 237 F.R.D. 399, 400 (S.D. Tex. 2006). Generally, unless a defendant's answer includes

3

a counterclaim,[1] a reply will be unnecessary because the Federal Rules require courts to treat allegations raised in an answer as though they had been denied. *See* Fed. R. Civ. P. 8(b)(6). In other words, an answer that is not accompanied by a counterclaim (as is the case here) alleges no claims against Mr. Edokobi that require a response. And, as the above cited cases make clear, any allegations contained in the answers to which Mr. Edokobi wants to respond are treated as if they had been denied. *See Uhde v. Bitsky*, No. 03-C-323-C, 2003 WL 23315778, at *1 (W.D. Wis. Sept. 24, 2003) ("Fed. R. Civ. P. 7(a) forbids a plaintiff to submit a reply to an answer unless the court directs a reply to be filed. No such order has been made in this case. Plaintiff should be aware, however, that he is not prejudiced by Rule 7(a). Fed. R. Civ. P. 8(a) provides that a party is deemed to deny averments in pleadings to which a response is not allowed. Therefore, although plaintiff is not permitted to respond to defendants' answer, the court considers that he has denied the factual statements and affirmative defenses raised in that answer."). Moreover, as my letter order also explained, a reply to a defendant's answer is unlikely to be of value because any factual inaccuracies that may be contained in an answer are better addressed through the pretrial discovery process. *See* Apr. 23, 2019 Ltr. Order (citing *Johnson v. Balt. City Police Dep't*, No. WDQ-12-646, 2013 WL 1833021, at *3 (D. Md. Apr. 30, 2013)).

Mr. Edokobi's sense of aggrievement appears to derive from his mistaken belief that other judges in this Court have granted him the opportunity to file a reply to a defendant's answer, whereas I have not. By way of example, on page two of his motion for reconsideration, he contrasts my order with orders issued in another case he has filed in this court, *Edokobi v. U.S.*

---

[1] One of the defendants in this case, SunTrust Bank, has in fact filed a counterclaim. *See* ECF No. 15. It did so, though, in a separate pleading, rather than as a part of its answer or amended answer. And I note, in any event, that my April 23, 2019 letter order authorized Mr. Edokobi to file an answer to SunTrust's counterclaim. *See* Apr. 23, 2019 Ltr. Order.

*Department of Justice*, No. TDC-17-3639. To prove his point, Mr. Edokobi has attached these orders as exhibits to his motion. The first is an April 1, 2019 order in which Judge Chuang authorized Mr. Edokobi to file a response to the defendants' *motion to dismiss*. *See* ECF No. 38-1. The second is an April 11, 2019 letter from the Clerk of the Court which similarly notified Mr. Edokobi that he has a "right" to file a response to the defendants' *motion to dismiss* (or, alternatively, for summary judgment). *See* ECF No. 38-2.

Mr. Edokobi is mistaken, and his arguments are without merit. While Judge Chuang's orders in *Edokobi v. U.S. Department of Justice* each authorized him to file a "response" to a defense filing, that filing was a motion, not an answer, and Mr. Edokobi has overlooked the critical difference between the two. A motion is a request for the court to issue an order, and it must state with particularity the grounds for the order, as well as the specific relief sought. Fed. R. Civ. P. 7(b)(1). Thus, by its very nature, a defense *motion* asks the court to issue an order that may affect the plaintiff's rights, and for that very reason the Local Rules of this Court recognize that the party against whom a motion was filed will have an opportunity to respond to the motion "[u]nless otherwise ordered by the Court." Loc. R. 105.2.a. In sharp contrast, as explained above, a defendant's *answer* to a plaintiff's complaint is a pleading – not a motion. And where it asserts no counterclaim, it is not a filing requiring a reply. That is exactly why the rules do not permit one unless the court, exercising its discretion, orders one to be filed. I have already explained why permitting a reply to the defendant's answer was not warranted in this case, and why Mr. Edokobi was not entitled to the relief that he sought.

For these reasons, Mr. Edokobi's motion for reconsideration (ECF No. 38) is denied.

## C.

There is another point that must be addressed here. It concerns Mr. Edokobi's threats to sue me (again) if I refuse to grant his motion, as I now have done. Over the past few weeks, Mr. Edokobi's filings in this case have included several such threats. The first in this series can be found in his motion for reconsideration, in which he states:

> 9. Plaintiff by this Motion asserts that; Plaintiff will take these Actions; if Judge Grimm Refuses to Reconsider His Order Denying Plaintiff's Leave of the Court to File Responses to TMCC and SunTrust's Amended Answers to Plaintiff's Complaint.
> 10. That *Plaintiff will file a legal action against Judge Grimm.*
> . . .
> 14. Plaintiff by this Motion asserts that; it is Plaintiff's Conviction that; *Plaintiff will file two or more legal actions against Judge Grimm* because, Judge Grimm Mistreats Plaintiff by Denying Plaintiff's Equal Protection Rights; and that; *Plaintiff will continue to file Civil Actions against Judge Grimm* until Plaintiff receives equal treatments.

Mot. for Recons. 2 (emphasis added). Mr. Edokobi included identical threats in his May 10, 2019 "objection" to Chief Judge Bredar's April 9, 2019 letter explaining that the chief judge lacks authority over his case. *See* Objection 6, ECF No. 40. The same threats also appeared in a motion for reconsideration Mr. Edokobi filed on May 3, 2019 in another case before me. *See* Mot. for Recons. 2, *Edokobi v. SunTrust*, No. PWG-19-1071 (D. Md. May 3, 2019), ECF No. 19.

The bedrock of the legal system of this country is that the courts must be open to the public as a place to bring legitimate disputes for resolution. Access to the courts is not restricted to those who are represented by counsel, and unrepresented individuals like Mr. Edokobi enjoy the privilege of being able to file civil actions without counsel. But with that privilege comes responsibility: to follow the rules of procedure and local rules of the court; to comply with court orders; and to comport oneself in the cases one files in the same manner expected of parties represented by counsel. That means, here, that Mr. Edokobi may not bring or maintain actions in

6

bad faith, or without a legal or factual basis. *See* Fed. R. Civ. P. 11(b). It likewise means that in his dealings with opposing parties, counsel, and the Court, he is obligated to be professional and civil. Those who employ tactics that interfere with the proper functioning of the legal system abuse it and properly are subject to sanctions, including contempt of court. *See* Fed. R. Civ. P. 11(c)(1).

Mr. Edokobi's threats to file additional lawsuits against me if his motion for reconsideration is not granted constitute a gross abuse of the civil justice system he seeks to employ to resolve his claims against the defendants in this case. This is especially so because Mr. Edokobi well knows that judges are entitled to immunity from suit in the performance of their judicial functions, having been informed of this in *Edokobi v. Motz*, No. DKC-13-3378, 2013 WL 6713290, at *2 (D. Md. Dec. 18, 2013). There, in dismissing a complaint Mr. Edokobi had filed against another judge of this Court, Judge Chasanow informed him:

> It is well-settled law that judges are entitled to immunity to suit in the performance of their judicial functions. The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or convictions without threat of suit for damages. Therefore, a judge is absolutely immune from liability for his or her judicial acts even if his or her exercise of authority is flawed by the commission of grave procedural errors. Further, judicial immunity shields from suit, not just from assessment of damages.

*Id.* (internal citations and quotation marks omitted). A litigant who, with knowledge of the doctrine of judicial immunity, nevertheless threatens to file suit against a judge presiding over a case that he has brought based upon rulings made by that judge in the performance of his or her judicial duties is acting in bad faith, and with an improper purpose. This is a clear violation of Fed. R. Civ. P. 11(b)(1) and may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 11(c). *See Sevier v. Hickenlooper*, No. 17-1750-WJM-NYW, 2017 WL 4337990, at *4 (D. Colo. Sept. 29, 2017) (cautioning that continued ad hominem attacks, insults, and threats against a magistrate

7

judge "will not be tolerated" and may result in sanctions, "including being held in contempt of Court"); *Engle v. Collins*, No. 09-451, 2012 WL 5342493 (S.D. Ohio Oct. 29, 2012) (reminding a plaintiff who threatened to sue the judge "that his pro se status will not shield him from sanctions under Fed. R. Civ. P. 11"), *report and recommendation adopted*, 2013 WL 866476 (S.D. Ohio Mar. 7, 2013). Mr. Edokobi's threats are contemptuous in tone and menacing in content, and – given the lack of merit in both his motion for reconsideration and his threats to file lawsuits against the undersigned if it is not granted, notwithstanding his knowledge that judges are immune to such suits – I cannot view the motion as having been filed in good faith. Mr. Edokobi is warned: any further threats relating to this Court's rulings will prompt me to issue an order to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 11(c). *See* Fed. R. Civ. P. 11(c); *Davis v. Kvalheim*, No. 07-566-Orl-31KRS, 2007 WL 1602369, at *2 (M.D. Fla. June 1, 2007) (warning a vexatious litigant who sued the judge that "further frivolous and abusive filings" would result in sanctions). Possible sanctions may include a finding of contempt or the dismissal with prejudice of his claims in this suit. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, No. 18-64-TCK-FHM, 2018 WL 3023094, at *3 (N.D. Okla June 18, 2018); *Sevier*, 2017 WL 4337990, at *4.

## D.

There is a final matter that must be addressed in this Order. As discussed in my April 15, 2019 letter order, Mr. Edokobi's dissatisfaction with my administration of this case prompted him both to file suit against me in the Circuit Court for Montgomery Country[2] and to file a motion in this Court seeking my recusal on the basis of that suit. ECF No. 34. Among the reasons I denied

---

[2] That suit has since been removed to this Court and is pending before another judge of this Court. *See Edokobi v. Grimm*, No. GJH-19-905.

that motion, all of which are detailed in the letter order, one bears repeating: if judges routinely disqualified themselves when a disgruntled litigant sued them based on actions taken in the performance of their judicial duties, this would permit (or even encourage) vexatious litigants to try to manipulate and abuse the judicial system by manufacturing an appearance of partiality or bias. Here, given Mr. Edokobi's current threats to initiate additional suits against me in connection with my rulings in this case, I feel it is appropriate again to explain why recusal remains unwarranted. In this regard, I am informed by Advisory Opinion 103 of the Federal Judicial Conference Committee on Codes of Conduct. Pursuant to this guidance, titled "Disqualification Based on Harassing Claims Against Judge," a judge is not automatically disqualified from participating in a case brought by a litigant who has filed a lawsuit against the judge (so long as the case in which the judge has been sued is not assigned to the judge who was sued) because

> [j]udicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.
> . . . A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant. Such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and thus will not require the judge to recuse.

Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge,* Advisory Opinion No. 103 (June 2009), *available at* https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf.

9

The suit that Mr. Edokobi has brought against me clearly relates to my performance of my official duties as a judge, and his threats to file additional suits against me clearly relate to his disagreement with rulings that I have made against him in this case, again in my official capacity as the presiding judge. Therefore, as Mr. Edokobi himself knows fully well from his prior lawsuit against Judge Motz of this Court, which was dismissed on the basis of absolute judicial immunity, his current suit and threatened future suits are likewise subject to prompt dismissal under that same doctrine. Thus, as Advisory Opinion No. 103 makes clear, under these circumstances, his nonmeritorious current and threatened future suits "will not lead reasonable minds to conclude" that I am biased. *Id.* For that reason, upon careful reexamination, I have determined that there continues to be no legitimate basis for me to recuse myself from this case.

## **ORDER**

For the reasons stated above, it is, this 24th day of May, 2019, hereby ORDERED that:

1. Plaintiff Emmanuel Edokobi's Motion for Reconsideration (ECF No. 38) IS DENIED; and
2. Plaintiff IS CAUTIONED that any further threats directed toward the Court will be subject to the imposition of sanctions, which may include a finding of contempt or the dismissal with prejudice of his claims in this suit.
3. Plaintiff's threats to bring additional lawsuits against me do not constitute grounds for my recusal.

/S/
Paul W. Grimm
United States District Judge